UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES E. FLEMING,<br><br>    Plaintiff,<br><br>  v.<br><br>LYNN PHIPPS, *et al*,<br><br>    Defendants. | Case No.  C05-5068RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 3, 2005 |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983.  He was previously granted leave to proceed *in forma pauperis*, and now, this matter is before the court due to certain fatal deficiencies in his amended complaint.  For the reasons set forth below, the undersigned recommends this complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

## DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete

| | |
|---|---|
|1| defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of |
|2| process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin |
|3| v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)). |

4  On April 5, 2005, the court ordered plaintiff to submit an amended complaint by no later than May 5, 2005, or show cause why this matter should not be dismissed due to certain fatal deficiencies in his complaint. (Dkt. #10). Although plaintiff responded to the court's order by filing an amended complaint on May 5, 2005, that amended complaint remains fatally deficient.

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

In his complaint plaintiff alleges that law library access and resources at the institution where he currently is incarcerated are inadequate, and seeks injunctive relief to cure these alleged deficiencies. He names Joseph Lehman as a defendant in this case. Defendant Lehman, however, appears to be named solely in his supervisory capacity. See Complaint, pp. 5-7. In addition, while plaintiff also names Carol

REPORT AND RECOMMENDATION
Page - 2

Porter as a defendant in this case, he sets forth no facts showing how she caused or personally participated in causing the harm alleged in his amended complaint.

Plaintiff, furthermore, has not alleged that he has been deprived of a right, privilege or immunity secured by federal law or the United States Constitution. Specifically, he has failed to properly allege a denial of access to the courts claim. Prisoners have "a constitutional right of access to the courts." Cornett v. Donovan, 51 F.3d 894, 897 (9th Cir. 1995). That right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers" by providing them with "adequate law libraries or adequate assistance from persons trained in the law." Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)).

Because "meaningful access to the courts is the touchstone" here, plaintiff must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Cornett, 51 F.3d at 897 (citing Bounds, 430 U.S. at 823); see also Lewis, 518 U.S. at 348 (inmate must show inadequacy of prison library or legal assistance program caused actual injury or prejudice such as inability to meet filing deadline or present claim). For example, plaintiff might show:

> [T]hat a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 352. While plaintiff insists that his and his attorney's ability to prepare an appellate brief was hindered by defendants' alleged actions, causing "immeasurable" damage to his case, he still has not shown that such actions prevented him from meeting a filing deadline or from bringing a claim before the courts. As such, plaintiff's amended complaint remains fatally deficient.

## CONCLUSION

Because plaintiff's amended complaint remains fatally deficient, the undersigned recommends the court dismiss that complaint prior to service as frivolous pursuant to 28 U.S.C. §1915(e).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit

REPORT AND RECOMMENDATION
Page - 3

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **June 3, 2005**, as noted in the caption.

DATED this 11th day of May, 2005.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4